1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11   SIMULADOS SOFTWARE, LTD.,                Case No. 5:12-cv-04382-EJD

                    Plaintiff,
12                                            **ORDER DENYING DEFENDANT'S**
                                              **MOTION TO (1) DISMISS UNDER**
13          v.                                **RULE 12(B)(6), OR IN THE**
                                              **ALTERNATIVE, MOTION FOR**
14   PHOTON INFOTECH PRIVATE, LTD.,           **SUMMARY JUDGMENT AND (2) TO**
                                              **STRIKE PUNITIVE DAMAGES**
                    Defendant.                **ALLEGATIONS**
15

16                                            Re: Dkt. No. 95

17          Presently before the Court is Defendant Photon Infotech Private, Ltd.'s ("Photon" or

18   "Defendant") Motion to Dismiss Plaintiff Simulados Software, Ltd.'s ("Simulados" or "Plaintiff")

19   Second Amended Complaint ("SAC") for lack of subject matter jurisdiction and failure to state

20   claims, including failure to allege fraud and fraudulent inducement with the required level of

21   particularity dictated by the heightened pleading standards of the Federal Rules, and to strike

22   Simulados' punitive damages allegations.  See Docket Item No. 92.  Federal jurisdiction arises

23   under 28 U.S.C. §1332(a).  This case is proceeding in this Court because of the parties' venue

24   selection clause in their contract.  See Docket Item No. 15.  Having fully reviewed the parties'

25   papers, the Court will DENY Photon's Motion to (1) Dismiss, or in the Alternative, for Summary

26   Judgment and (2) to Strike Punitive Damages for the reasons stated below.

27                                              1
     Case No.: 5:12-cv-04382-EJD
28   ORDER DENYING DEFENDANT'S MOTION TO (1) DISMISS, OR IN THE
     ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND (2) TO STRIKE PUNITIVE
     DAMAGES ALLEGATIONS

# I. BACKGROUND

Simulados is a Texas software development company based in Houston, Texas.  See SAC, Docket Item No. 92 at ¶ 1.  Photon is a technology consulting corporation incorporated in New Jersey with its principal place of business in Chennai, India and a virtual office in San Jose, California.  Id. at ¶ 2.  Simulados developed a program called Certify Teacher, which is a test simulation program used by educators to prepare for the Texas Examination of Educator Standard ("TExES") certification exam.  Id. at ¶ 4.  Simulados decided to produce a version of its product compatible with Apple Macintosh ("Mac") computers as well as an internet web application.  Id. at ¶ 5.

In early 2009, Esdras Cantao ("Cantao"), the owner of Simulados, received an unsolicited phone call from a representative of Photon, representing Photon's ability to create a Mac-compatible product and develop a web application.  Id. at ¶¶ 6-7.  Simulados and Photon entered into a contract ("Contract") on March 31, 2009, which consisted of a Statement of Work ("SOW") and a Master Professional Services Agreement ("MPSA").  See Docket Item No. 1-1 (the SOW incorporates all the terms and conditions of the MPSA).  In the Contract, Photon represented that the project would start on May 20, 2009 and finish on September 17, 2009.  See Dkt. No. 92 at ¶ 12.  The Contract provided that Photon would complete: CD mastering, migrating the existing source code to Real Basic, convert VB project, add Mac specific BASIC code, add support for New DB format, address performance bottlenecks in product, customize for Mac operating systems, add platform specific paths, tweak for Mac Human Interface Guidelines, provide license key generation and key validation, create a wen application, create website authentication certification for downloads, upgrade to database content creator, provide support for reading the content, provide support for modifying content, migrate up to three sample products, and code review.  See id. at ¶13.  Simulados agreed to pay $23,560 in four installments, the final of which was to be made upon delivery of a complete workable product.  Id. at 14.  The Contract contained the following choice-of-law and forum selection provision: "[t]his Agreement shall be governed

Case No.: 5:12-cv-04382-EJD
ORDER DENYING DEFENDANT'S MOTION TO (1) DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND (2) TO STRIKE PUNITIVE
DAMAGES ALLEGATIONS

United States District Court
Northern District of California

1    by and construed and enforce [sic] in accordance with law of the State of California." See Docket

2    Item No. 1-1.

3            Simulados contends that Photon never fulfilled its obligations under the Contract.  See Dkt.

4    No. 92 at ¶ 15.  On June 9, 2009, Photon communicated to Simulados that it was initiating the

5    project, and represented that there would not be any outstanding serious or critical defects at the

6    time of the site launch, with fewer than five medium defects and fewer than ten low defects.  Id.

7    On August 14, 2009, Photon requested that Simulados approve completion of the project's

8    development phase.  Id. at ¶ 16.  A teleconference demonstration was held on August 19, 2009 and

9    on September 24, 2009 Simulados received an access link for user testing and approval.  Id.

10   During the review, Simulados found 38 low level and 8 critical issues.  Id. at ¶ 17.  Simulados

11   requested a status update on the web application and expressed dissatisfaction that the product was

12   not complete.  Id.  On May 3, 2010, Simulados gave Photon a deadline of June 3, 2010 to correct

13   an additional 17 errors.  On May 17, 2010, Photon responded to Simulados' notice, providing a

14   link to incomplete software.  Id. at ¶ 18.  To date, Photon has not provided Simulados with fully

15   functioning web application.  See Dkt. No. 44 at ¶¶ 12-16.

16           Simulados filed a complaint on May 11, 2012 in the District Court for the Southern

17   District of Texas.  See Docket No. 1.  The case was transferred to this Court on August 20, 2012,

18   based on the choice-of-law provision in the Contract.  See Docket Item No. 16.  Simulados filed

19   an Amended Complaint ("AC") on December 11, 2012.  Dkt. No. 44.  On December 24, 2012,

20   Photon filed a Motion to Dismiss.  Dkt. No. 46.  The parties engaged in mediation, but failed to

21   reach an agreement regarding arbitration.  See Docket Item No. 63.  Photon re-noticed its Motion

22   on July 23, 213.  Dkt. No. 67.  On October 22, 2013, Simulados filed its Motion to Compel

23   Discovery.  Dkt. No. 72.  The Motion to Compel was denied, Dkt. No. 73, and instead after a

24   Motion to Extend Discovery, Dkt. No. 74, the Court amended the Case Management Order to

25   extend discovery deadlines of February 26, 2014.  Dkt. No. 81.  On May 1, 2014, the Court

26   Granted Photon's Motion to Dismiss as to Simulados' UCC and Texas DTPA claims.  Dkt. No.

Case No.: 5:12-cv-04382-EJD
ORDER DENYING DEFENDANT'S MOTION TO (1) DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND (2) TO STRIKE PUNITIVE
DAMAGES ALLEGATIONS

United States District Court
Northern District of California

1    83.  On that same day the Court again amended the Case Management Order.  Dkt. No. 84.

2    Pursuant to that amended Case Management Order, discovery cut off was set for August 29, 2014.

3        On May 30, 2014, Simulados filed its Second Amended Complaint ("SAC").  Dkt. No. 92.

4    On June 12, 2014, the Court ordered referral of the case to Early Neutral Evaluation.  Dkt. No. 94.

5    On June 16, 2014, Photon filed its Third Motion to Dismiss, which is presently before the Court,

6    with a hearing date of September 19, 2014.  Dkt. No. 95.  A stipulation with proposed order was

7    filed by the parties extending the Case Management Order.  Dkt. No. 101.  On August 25, 2014,

8    the Court Granted Simulados' stipulation amending Case Management Order.  Dkt. No. 104.  The

9    parties engaged in Early Neutral Evaluation, but failed to reach an agreement regarding

10   arbitration.  Dkt. No. 105.  Pursuant to Civil Local Rule 7-1(b), the Court took the motion under

11   submission without oral argument.

12                          **II. Legal Standard**

13           **A.  Motion to Dismiss**

14       Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

15   specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it

16   rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A

17   complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

18   upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is

19   appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

20   a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th

21   Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the

22   speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556-57.

23       When deciding whether to grant a motion to dismiss, the court generally "may not consider

24   any material beyond the pleadings."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

25   1542, 1555 n. 19 (9th Cir. 1990).  The court must generally accept as true all "well-pleaded factual

26   allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the

27

28   Case No.: 5:12-cv-04382-EJD
     ORDER DENYING DEFENDANT'S MOTION TO (1) DISMISS, OR IN THE
     ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND (2) TO STRIKE PUNITIVE
     DAMAGES ALLEGATIONS

United States District Court
Northern District of California

4

alleged facts in the light most favorable to the plaintiff.  <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice.  <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-69 (9th Cir. 2001).  "[M]aterial which is properly submitted as part of the complaint may be considered."  <u>Twombly</u>, 550 U.S. at 555. Furthermore, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  <u>Id.</u>

Fraud-based claims are subject to heightened pleading requirement under Federal Rule of Civil Procedure 9(b).  In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985).  To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007).  Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged.  <u>Vess v. Ciba Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made."  <u>Smith v. Allstate Ins. Co.</u>, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted).

## B.  Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Such motions are disfavored, thus a motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation. <u>See</u> <u>RDF Media Ltd. v. Fox Broad. Co.</u>, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005).  When the

United States District Court
Northern District of California

5

1   court considers a motion to strike, it "must view the pleading in a light most favorable to the

2   pleading party."  In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

3   A motion to strike should be denied if there is any doubt whether the allegations in the pleadings

4   might be relevant in the action.  Id.

5                                    **III. Discussion**

6           **A.  Subject Matter Jurisdiction**

7           Photon requests the Court dismiss the entire action based on lack of subject matter

8   jurisdiction.  See Dkt. No. 95 at 4-5.  Simulados brings this claim in federal court pursuant to 28

9   U.S.C. § 1332(a), which requires an amount in controversy over $75,000.  See Dkt. No. 92 at ¶ 3.

10  Photon claims that because of faults in the SAC and an express limitations clause in the Contract,

11  it is impossible for Simulados to recover over $75,000.  See Dkt. No. 95 at 4-5.  Specifically,

12  Photon argues that the parties' Contract is for a fixed price of $23,560 which expressly limits

13  Photon's liability to that amount and expressly precludes all consequential damages.  See id. at 5-

14  6; see also Dkt. No. 1-1 at 6, 22.

15          "The party asserting federal jurisdiction bears the burden of proving the case is properly in

16  federal court."  In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952 (9th Cir. 2001).

17  In this case, diverse citizenship is uncontested.  Thus, the sole jurisdiction question is whether the

18  minimum amount in controversy required to maintain a diversity suit in federal court is present.

19  As the party asserting diversity jurisdiction, Simulados bears the burden of establishing a

20  preponderance of the evidence that the amount in controversy exceeds $75,000.  See Sanchez v.

21  Monumental Life Ins. Co., 102 F. 3d 398, 404 (9th Cir. 1996).

22          Here, Simulados claims in the SAC that the damages related to the alleged fraud include

23  the expense to develop the program elsewhere (the value of the project was assessed by Photon at

24  over $30,000 and actual costs are alleged to be over $40,000), foregone profits associated with not

25  being able to offer the products Simulados had relied on Photon to provide, and lost profits during

26  the delayed time seeking other companies resulted with a low estimate of over $200,000 to a high

*United States District Court*
*Northern District of California*

28  Case No.: 5:12-cv-04382-EJD
ORDER DENYING DEFENDANT'S MOTION TO (1) DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND (2) TO STRIKE PUNITIVE
DAMAGES ALLEGATIONS

1   estimate of over $400,000.  See Dkt. No. 98 at 7-8.  Further, Simulados' claims for fraud allow

2   for, in addition to actual damages, recovery of punitive damages.  See Millar v. James, 254 Cal.

3   App. 2d 530 (1967).  Because the alleged amount of damages that Simulados seeks appears to be

4   $75,000 or more, the amount in controversy meets that jurisdictional threshold.

                        **B.  Rescission or Affirmation**

6        Photon also argues that the Court lacks subject matter jurisdiction based on the theory that

7   Simulados may only choose to rescind the contract and receive the value of consideration, with no

8   other damages; or choose to affirm the contract and seek damages limited by the contract.  See

9   Dkt. No. 95 at 4-5.  The Court disagrees.

10       The Supreme Court of California specifically addresses the question of why rescission is

11  not a refusal of a legal remedy.  See Village Northridge Homeowners Ass'n v. State Farm Fire and

12  Cas. Co., 50 Cal.4th 913 (2010).  In Village Northridge, the court held that it "is not refusing a

13  legal remedy to victims of fraud, because they still have the option of rescinding the contract and

14  then suing for damages."  See id. at 930.  Further, "[a] claim for damages is not consistent with a

15  claim for relief based upon rescission.  The aggrieved party shall be awarded complete relief,

16  including restitution of benefits, if any, conferred by him as a result of the transaction and any

17  consequential damages to which he is entitled; but such relief shall not include duplicate or

18  inconsistent items to recovery."  Cal Civ Code § 1692.

19       Here, Simulados, in such a case this, may rely on the rescission of the contract and sue to

20  recover the consideration and its damages in attempting to carry out the contract or, recognizing

21  the contract, it may sue for damages for the alleged fraud.  See Karst v. Seller, 45 Cal. App. 623,

22  626 (1920).  However, Photon argues that for any claim for fraud, if the contract is affirmed, it is

23  limited to the value of the contract.  See Dkt. No. 95 at 4-5.  Photon's argument is incorrect

24  because a breach of contract is separate and apart from a claim for fraud.  See Robinson Helicopter

25  Co. Inc. v. Dana Corp., 34 Cal. 4th 979 (2004); see also County of Santa Clara v. Atlantic

26  Richfield Co., 137 Cal. App. 4th 292, 327 (2006) ("Because of the extra measure of

                                      7

United States District Court
Northern District of California

1   blameworthiness inhering in fraud, and because in fraud cases we are not concerned about the

2   need for 'predictability about the cost of contractual relationships,' … fraud plaintiffs may recover

3   'out-of-pocket' damages in addition to benefit-of-the bargain damages."). Simulados' claim under

4   breach of contract (for the failure to perform the requirements of the project) and the claim for

5   fraud (based on representations made by Photon related to its ability to create such a product) is a

6   separate action with separate damages from any terms under the contract. See id.

7        Simulados alleges that as a proximate result of the alleged fraud, it suffered lost profits for

8   its Certify Teacher program in an amount over $400,000. See Dkt. No. 92 at ¶ 32. In addition,

9   Simulados also alleges that it suffered damages in an amount over $40,000 to develop a fully

10  operational Mac-based version of its Certify Teacher program. See id. Therefore, the potential

11  damages at issue exceed this Court's jurisdictional requirement of $75,000 because no limit of

12  liability or damages in a contract is waiveable for actions arising due to fraud.

13       Accordingly, the Court denies Photon's motion to dismiss for lack of subject matter

14  jurisdiction because the alleged damages for fraud satisfy jurisdictional requirement of this Court.

15       **C.  Fraud-Based Claims**

16       Photon claims that Simulados' SAC fails to meet the heightened pleading requirement for

17  fraud under Rule 9(b) because Simulados' allegations are mere conjecture and do not provide any

18  evidentiary support for supposed bad faith or fraudulent behavior on the part of Photon. See Dkt.

19  No. 95 at 8:3-15. The Court disagrees.

20       A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud

21  so that the defendant can prepare an adequate answer from the allegations. Odom v. Microsoft

22  Corp., 486 F. 3d 541, 553 (9th Cir. 2007). To state a claim for fraud under California law, a

23  plaintiff must allege: (1) misrepresentation (false representation, concealment, or nondisclosure);

24  (2) scienter or knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5)

25  resulting damage. Lazar v. Super. Ct., 12 Cal.4th 631, 638 (1996). In addition, fraud against

26  corporation must allege the names of the persons who made the misrepresentations, their authority

27

28  Case No.: 5:12-cv-04382-EJD
    ORDER DENYING DEFENDANT'S MOTION TO (1) DISMISS, OR IN THE
    ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND (2) TO STRIKE PUNITIVE
    DAMAGES ALLEGATIONS

1    to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or

2    written.  Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).

3          Here, Simulados makes the following allegations in the SAC to support its claims for

4    fraud:

5          Mr. Lakshmanan, on behalf of Photon Infotech, represented that
           both the Mac-based software and the web application would run as
6          well as the PC-based version of Certify Teacher.  Mr. Lakshmanan,
           on behalf of Photon Infotech, represented that both the Mac-based
           software and the web application would run without any outstanding
7          or critical defects.

8          Mr. Lakshmanan, on behalf of Photon Infotech, represented that
           Photon Infotech had the qualifications and experience to complete
9          the Project without issue.  More specifically, Lakshmanan also
           represented to Simulados that Photon Infotech was fully capable,
10         with all skills and resources necessary for application development,
           including but not limited to, having the personnel with the
11         knowledge and capability to code in RealBasic programming
           language.  Despite these initial representations, however, Photon
12         Infotech was unable to handle the RealBasic coding language.

13         Further, through its representative Project Manager, Balakrishnan
           Maguesh, Photon Infotech repeatedly represented to Mr. Cantao that
14         the Project was finished and ready for delivery, when it still required
           significant work to complete.   In fact, the Project remains
15         incomplete, to this day.

16         See Dkt. No. 92 at ¶¶ 26-39.

17         First, Simulados sufficiently pled misrepresentations by Photon through the alleged false

18    representations by Mr. Lakshmanan.  See id. at ¶ 26-27.  Specifically, Simulados alleges that Mr.

19    Lakshmanan, on behalf of Photon, represented to Mr. Cantao that Photon had the qualifications

20    and experience to change the Certify Teacher PC-based specifications into Mac-based software

21    and develop a web application for Certify Teacher in a timely manner.  See Dkt. No. 92 at ¶¶ 35-

22    36.  Second, Simulados alleges that these representations were false and Photon had knowledge of

23    their falsity at the time the statements were made, or made them recklessly as a positive assertion

24    without knowledge of its truth.  Id. at ¶ 37.  More specifically, Mr. Lakshmanan represented to

25    Simulados that Photon was fully capable with the knowledge and capability to code in RealBasic

26    programming language.  Id. at ¶ 36.  Simulados alleges that despite these initial representations,

27

28    Case No.: 5:12-cv-04382-EJD
      ORDER DENYING DEFENDANT'S MOTION TO (1) DISMISS, OR IN THE
      ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND (2) TO STRIKE PUNITIVE
      DAMAGES ALLEGATIONS

United States District Court
Northern District of California

1  however, Photon was unable to handle the RealBasic coding language.  Id.  Third, Simulados

2  alleges that as a result of these misrepresentations, Simulados was induced into entering the

3  Contract and did in fact execute the Contract with Photon.  Id. at ¶ 38.  Fourth, Simulados'

4  reliance on Mr. Lakshmanan's representations was justifiable because Photon claims it is "a

5  widely esteemed company with over 30% of the Fortune 500 companies as clients" and that "the

6  services promised in the Contract are well within Photon's capacity to delivery."  See Dkt. No. 95

7  at 10:8-16.

8        Finally, Simulados alleges that as a proximate result of such fraud, Simulados sustained

9  damages which Simulados seeks to recover in this suit.  Id. at ¶ 39.  More specifically, Simulados

10 alleges that it suffered lost profits based on a lack of ability to satisfy market desire for a Mac-

11 based or web-based application for its Certify Teacher program in an amount over $400,000.  Id.

12 Simulados alleges that this number is demonstrable based on its actual sales and the percent of

13 users who request a Mac-based or web-based application for its Certify Teacher program.  Id.

14 Simulados also alleges that it suffered damages in an amount over $40,000 to develop a fully

15 operational Mac-based version of its Certify Teacher program.  See id.

16       Therefore, the allegations in the SAC by Simulados sufficiently meet the heightened

17 pleading required for fraud under Rule 9(b) because Simulados adequately alleged with

18 particularity an account of the time, place, and specific content of the false representations as well

19 as the identities of the parties to the misrepresentations.  Since the allegations, as a whole, are

20 sufficient under Rules 9(b), Photon's motion to dismiss for failure to plead with particularity will

21 be denied.

22                **D.  Request to Strike Punitive Damages**

23       Photon argues that Simulados' request for punitive damages for loss of business, revenue,

24 and profit in an amount greater than $75,000 should be stricken because the SAC does not allege

25 any facts required to support a claim for punitive damages.  See Dkt. No. 95 at 8.  The Court

26 disagrees.

27                                        10

United States District Court
Northern District of California

1   Under California law, punitive damages may be recovered upon a proper showing of fraud,

2   in addition to actual damages, for the sake of example and by way of punishing the defendant.  See

3   Alberts v. Liberty Life Assurance Co. of Boston, No. C 14-01587 R, 2014 WL 4099128 (N.D.

4   Cal. Aug. 19, 2014); see also Cal Civ Code § 3294(a).

5   The analysis begins by determining whether Simulados' claim for punitive damages falls

6   within any of the categories listed in Rule 12(f).  Here, none of the five categories cover the

7   allegations in the pleading sought to be stricken by Photon.  First, the claim for damages is not an

8   insufficient defense because Simulados has sufficiently alleged and met the heightened pleading

9   standard for fraud set forth in Rule 9(b) as addressed above.  Second, the claim for damages is not

10   redundant because it does not appear anywhere else in the SAC.  See Dkt. No. 92 at ¶ 40.  Third,

11   the claim for damages is not immaterial because whether these damages are recoverable relates

12   directly to the Simulados' underlying claim for relief.  See Fantasy, Inc. v. Fogerty, 984 F.2d

13   1524, 1527 (9th Cir. 1993) ("Immaterial matter is that which has no essential or important

14   relationship to the claim for relief or the defenses being plead.").  Fourth, the claim for damages is

15   not impertinent, because whether these damages are recoverable pertains directly to the harm

16   being alleged. See id.; see also 5 Charles A. Wright & Arthur R. Miller, Federal Practice and

17   Procedure § 1382, at 711 (1990) ("Impertinent matter consists of statements that do not pertain,

18   and are not necessary, to the issues in question.").  Finally, a claim for damages is not scandalous,

19   and Photon has not alleged as much.  See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974

20   (9th Cir. 2010).

21   Therefore, Photon's request to strike punitive damages is groundless and there is no basis

22   to strike damages by this Court because Simulados has shown why the pleadings are sufficient for

23   fraud claims pursuant to Rule 9(b).

24   **E.  Summary Judgment**

25   Photon moves to dismiss, or in the alternative, for summary judgment, arguing essentially

26   that Simulados has failed to state a claim or that no dispute as to material facts exists and it is

27   11

28   Case No.: 5:12-cv-04382-EJD
ORDER DENYING DEFENDANT'S MOTION TO (1) DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND (2) TO STRIKE PUNITIVE
DAMAGES ALLEGATIONS

entitled to judgment as a matter of law.  <u>See</u> Dkt. No. 95 at 9-10.

Here, Simulados has, however, sufficiently pled claims for fraud under Rule 9(b) as discussed in Section C.  Moreover, Photon cites no evidence that shows that there is no genuine dispute of a material fact that entitles Photon to judgment as a matter of law.  Therefore, Photon's motion for summary judgment, in the alternative or otherwise, is improper at this time.

### IV. Conclusion

For the reasons stated, the Court DENIES Photon's Motion to (1) Dismiss, or in the Alternative, for Summary Judgment and (2) to Strike Punitive Damages.

**IT IS SO ORDERED.**

Dated: January 14, 2015

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-04382-EJD
ORDER DENYING DEFENDANT'S MOTION TO (1) DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND (2) TO STRIKE PUNITIVE DAMAGES ALLEGATIONS