United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMULADOS SOFTWARE, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PHOTON INFOTECH PRIVATE, LTD.,<br><br>Defendant. | Case No. 5:12-cv-04382-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 177, 178 |

Following a jury trial, Defendant Photon Infotech Private, Ltd. moves for judgment as a matter of law, and Plaintiff Simulados Software, Ltd. moves for attorneys' fees. Photon's motion will be denied and Simulados's motion will be granted.

# I. BACKGROUND

Simulados alleges that Photon breached a contract to adapt Simulados's software to be used as an online application and to be used on Windows and Apple operating systems. Joint Short Statement of the Case 1, Dkt. No. 135. Following a jury trial, judgment was entered in favor of Simulados on its claims for breach of contract and fraud, and against Photon on its counterclaim for breach of contract. Judgment, Dkt. No. 167. The jury awarded $309,674 in damages to Simulados for the breach-of-contract claim, and it awarded the same amount for the fraud claim. Verdict Forms, Dkt. No. 165.

Now before the Court are (1) Photon's motion for judgment as a matter of law and (2) Simulados's motion for attorneys' fees. Pl.'s Mot. for J. as a Matter of Law ("JMOL Mot."), Dkt. No. 178; Def.'s Mot. for Att'ys' Fees ("Fees Mot."), Dkt. No. 177.

# II. LEGAL STANDARD

## A. Judgment as a Matter of Law

Federal Rule of Civil Procedure 50 permits a district court to grant judgment as a matter of law when "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." Estate of Diaz v. City of Anaheim, 840 F.3d 592, 604 (9th Cir. 2016) (quotation marks omitted). The court must draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses.' " Id. at 151 (quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529 at 300 (2d ed.1995)). However, the court "may not make credibility determinations or weigh the evidence." Id. at 150.

## B. Attorneys' Fees

"Under the American Rule, the prevailing litigant is ordinarily not entitled to collect reasonable attorney's fees from the losing party." Travelers Cas. and Sur. Co. of Am. v. Pac. Gas

Case No.: 5:12-cv-04382-EJD
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
2

& Elec. Co., 549 U.S. 443, 448 (2007) (internal citations and quotations omitted). However, attorneys' fees can be recovered under statutory provisions or the terms of a contract. Id. "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007). Thus, state law governs the enforceability of a contract's attorneys' fees provision. In California, Civil Code § 1717(a) governs fee applications stemming from contract actions:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

The court determines whether a party has prevailed on the contract for the purposes of awarding fees. Cal. Civ. Code § 1717(b)(1). The prevailing party on a contract is the party that recovered a greater relief in the action on the contract. Id. § 1717(b)(2).

## III. DISCUSSION

### A. Judgment as a Matter of Law

This Court held a hearing on Simulados's motion on February 4, 2016. At the hearing, the Court requested additional briefing on the issue of contractual limitations of liability. In its supplemental brief, Simulados stated that it "elects to rescind the contract and requests that the Court revise contract damages for the return of the value of consideration paid by Plaintiff of $18,848, and uphold fraud damage findings as determined by the Jury." Dkt. No. 189 at 2. (Photon agrees that Simulados paid $18,848 in consideration. See Dkt. No. 193 at 2.) Simulados argues that it is entitled to recover the amount it paid in consideration ($18,848) as well damages for fraud that the jury awarded ($309,674). Dkt. No. 189 at 2.

Photon contends that, as a matter of law, Simulados may not recover fraud damages if it chooses to rescind the contract. Dkt. No. 193 at 2. In support of this position, it cites Wong v.

Stoler for the proposition that "[r]escission and damages are alternative remedies. . . . A party may seek rescission or damages for breach of contract or fraud in the event rescission cannot be obtained in the same action. . . . But the election of one remedy bars recovery under the other." Wong v. Stoler, 237 Cal. App. 4th 1375, 1385 (2015) (citations and quotation marks omitted).

However, even if a plaintiff elects to rescind a contract, that plaintiff may still recover consequential damages that resulted from the defendant's wrongful conduct. The Wong court held that "[i]f the court finds that the contract was rescinded, the aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled." Id. at 1386 (internal citations and quotation marks omitted, and emphasis added). In other words, a plaintiff may recover consequential damages while also electing the remedy of rescission. In cases involving rescission, " 'the court should do complete equity between the parties' and to that end 'may grant any monetary relief necessary' to do so." Id. (quoting Runyan v. Pac. Air. Indus., Inc., 2 Cal. 3d 304, 316 (1970)). Rescission aims "to bring about substantial justice by adjusting the equities between the parties," and relief "generally rests upon the sound discretion of the trial court exercised in accord with the facts and circumstances of the case." Id. (quoting Sharabianlou v. Karp, 181 Cal. App. 4th 1133, 1144–45 (2010) and Hicks v. Clayton, 67 Cal. App. 3d 251, 265 (1977)).

Here, the jury found that Simulados suffered consequential damages resulting from Photon's failure to provide the software as promised. Specifically, it found that Simulados suffered (1) $96,703 in out-of-pocket expenses and (2) lost profits of $212,971—together, totaling $309,674. Verdict Forms, Dkt. No. 165 at 4.

Photon contends that, despite the jury's findings, both damage amounts are too speculative as a matter of law to be recoverable. JMOL Mot. 14–16, 17–18. Photon further contends that there is an insufficient causal connection between Photon's wrongful conduct and the lost profits that Simulados claims it suffered. Id. at 16–17. Simulados responds that testimony from its founder and owner, as well as expert testimony, "demonstrated the growth of the company using profit and

losses of the company, accounted for the time periods Photon was involved, showed how work and expenses put in <u>after</u> Photon's breach was finally discovered, and accounted for profits actually received as to not double recover." Pl.'s Opp'n to Def.'s Mot. for J. as a Matter of Law 18, Dkt. No. 180. Simulados also presented testimony and documentary evidence showing the amount it paid to third-party contractors "who were required to write code to make up for Photon's failure to perform on the contract." Id. at 20.

The Court finds that Simulados's consequential damage amounts for lost profits and expenses are sufficiently concrete and traceable to Photon's conduct. The evidence, viewed in the light most favorable to Simulados, supports the jury's damages award. See Estate of Diaz, 840 F.3d at 604. The jury's verdict is supported by "relevant evidence that a reasonable mind would accept as adequate." Callicrate v. Wadsworth Mfg., 427 F.3d 1361, 1366 (Fed. Cir. 2005) (citing Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992)).

Accordingly, Photon's motion for judgment as a matter of law will be denied.

### B. Attorneys' Fees

Under the lodestar method of evaluating a request for attorneys' fees, the lodestar is the number of hours spent on the case multiplied by a reasonable hourly rate. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). The lodestar "may be adjusted upward or downward to account for several factors including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." Id.

Here, Simulados requests an award of $183,556.91 in attorneys' fees and expenses. Dkt. No. 177 at 4. That request is based on an hourly rate of $275 for partners and senior associates, $225 for associates, $150 for paralegals, and $75 for legal assistants and file clerks. Fees Mot. 3; see also Vethan Aff. ¶ 3, Dkt. No. 177-1. The total attorney time spent on this case was 478 hours, and the total amount of legal assistant and paralegal time was 300 hours. Vethan Aff. ¶¶ 6–7. This case involved two amended complaints, numerous dispositive motions, and a jury trial. Based on counsel's declarations and the circumstances of this case, the Court finds the requested fees to be

reasonable under the lodestar method. See, e.g., In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig., MDL No. 2672 CRB (JSC), 2017 WL 2178787 (N.D. Cal. May 17, 2017) (granting a motion for attorneys' fees billed at an average hourly rate of $472.05); Shaw v. Ghimire, No. C12-04687 HRL, 2013 WL 5372400 (N.D. Cal. Sept. 25, 2013) (granting a motion for attorneys' fees billed at an hourly rate of $350).

As such, Simulados's motion for attorneys' fees will be granted.

## IV. CONCLUSION

The Court orders as follows:

1. Photon's motion for judgment as a matter of law (Dkt. No. 178) is DENIED. In light of the parties' supplemental briefing, Simulados shall be awarded damages of (1) $18,848 for the value of the consideration it paid and (2) $309,674 in consequential damages.

2. Simulados's motion for attorneys' fees (Dkt. No. 177) is GRANTED.

**IT IS SO ORDERED.**

Dated: September 26, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-04382-EJD
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
6