UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMULADOS SOFTWARE, LTD., <br> Plaintiff, <br> v. <br> PHOTON INFOTECH PRIVATE, LTD., <br> Defendant. | Case No. 5:12-cv-04382-EJD <br><br> **ORDER ADDRESSING POST-APPEAL MATTERS** <br><br> Re: Dkt. Nos. 207, 212 |

On May 7, 2019, the Ninth Circuit affirmed in part, reversed in part, vacated, and remanded this Court's September 2017 Order Denying Defendant's Motion for Judgment as a Matter of Law.[1] The Parties construe the Ninth Circuit's Memorandum differently, which the Court resolves below. The Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Having considered the Parties' papers, the Court holds that pursuant to the bar on double recovery, Plaintiff may not recover contract and tort damages. However, under the economic loss rule, Plaintiff may recover tort damages instead of contract damages. The Court also holds that the contractual cap on liability is not applicable to such damages. Accordingly, Plaintiff is entitled to $309,674 in fraud damages.

**I. BACKGROUND**

**A. Factual Background**

On May 11, 2012, Plaintiff Simulados Software, Ltd. filed a Complaint against Defendant

---

[1] Plaintiff's Motion for Attorney's Fees was also addressed in this Order. The award of attorney's fees was not discussed or altered on appeal, and so the Court does not address the award of fees herein.

Case No.: 5:12-cv-04382-EJD
ORDER ADDRESSING POST-APPEAL MATTERS

1

United States District Court
Northern District of California

Photon Infotech Private, Ltd. alleging that Defendant breached the Parties' contract and intentionally misrepresented its ability to complete the contract. *See generally* Dkt. 1; *see also* Short Statement of Case, Dkt. 135. The jury found for Plaintiff on both claims and awarded Plaintiff $309,674 for each claim. *See* Judgment, Dkt. 167; *see also* Verdict Forms, Dkt. 165.

Defendant renewed its motion for judgment as a matter of law. Dkt. 178. Despite the jury award of contractual damages, the parties had a negotiated provision that limited the amount of contractual damages to the amount of money actually received by the breaching party. Plaintiff paid Defendant $18,848 for Defendant's services, and so Defendant's liability on the breach of contract claim was capped at $18,848. *See* Supplemental Brief Regarding Plaintiff Simulados Software Ltd.'s "Election of Remedy" at 5, Dkt. 193 ("[B]oth parties agree that the consideration paid by [Plaintiff] was $18,848.").

Ultimately, the Court denied Defendant's motion for judgment as a matter of law. The Court determined that sufficient evidence, viewed in the light most favorable to the non-moving party, supported the jury's findings of breach of contract and fraud. Order Denying Defendant's Motion for Judgment as a Matter of Law ("JMOL Order"), Dkt. 197. Defendant questioned whether: (1) the fraud claim was sufficiently independent of the contract to allow recovery under California law for both fraud and breach of contract; and (2) the contractual provision limiting damages applied to Plaintiff's fraud claim. This Court determined it did not need to address those issues because it granted Plaintiff's request to rescind the contract and awarded Plaintiff $18,848 in consideration damages and $309,674 in consequential damages. *Id.* at 6.

On appeal, the Ninth Circuit affirmed this Court's holdings that sufficient evidence supported the jury's fraud and breach of contract findings. *Simulados Software, Ltd. v. Photon Infotech Private, Ltd.*, 771 F. App'x 732, 734 (9th Cir. 2019). The Ninth Circuit reversed and vacated this Court's order granting rescission because Plaintiff "failed to meet the notice requirement" required to rescind a contract. *Id.* Defendant argued that the panel should reduce the jury's award pursuant to the contractual limitation on damages. *Id.* at 735. The Ninth Circuit agreed "that there is an $18,848 cap on [Plaintiff's] recovery for breach of contract." *Id.* "It is

Case No.: 5:12-cv-04382-EJD
ORDER ADDRESSING POST-APPEAL MATTERS
2

1 undisputed that [Plaintiff] paid [Defendant] $18,848, and the contractual provision limits damages 2 to the amount that [Plaintiff] paid on the contract." *Id.* The Ninth Circuit, however, did not 3 address whether this provision applied to the fraud damages or if Plaintiff could recover damages 4 for both the fraud and contract claim.

Judge Bea concurred in the Memorandum Disposition but wrote separately to note that he would include an instruction that on remand, the district court should consider whether its award of $309,674 to Plaintiff based on the jury's fraud verdict is duplicative of its separate award of $18,848. *Id.* The Parties' briefing focuses on this question—may Plaintiff receive damages for both the fraud and contract claims without violating the rule against duplicative recovery? And, if yes, what effect does the contractual provision limiting damages have on Plaintiff's fraud claim?

### B. Procedural History

On August 9, 2019, Defendant filed a brief addressing the effect of the Ninth Circuit's decision. Defendant Photon Post-Appeal Opening Brief ("D Brief"), Dkt. 212. Plaintiff filed its response brief on August 23, 2019. Plaintiff Simulados Response to Defendant's Post-Appeal Opening Brief ("P Brief"), Dkt. 214. On August 30, 2019, Defendant filed its reply brief. Defendant Photon's Post-Appeal Reply Brief ("D Reply"), Dkt. 215.

## II. DISCUSSION

### A. Duplicative Recovery

There is no dispute between the Parties that Plaintiff's damages for the contractual claim is $18,848. The Parties dispute whether the Court may award Plaintiff $309,674 in fraud damages in addition to the $18,848 in contract damages or if such an award constitutes double recovery. D Brief at 7; P Brief at 6–7. Defendant argues that because Plaintiff suffered only one loss, past economic damages, Plaintiff may only recover one form of damages, *i.e.*, either contract or fraud damages. Plaintiff rejects Defendant's view and argues that each harm caused different losses and so the Court must award both fraud and contract damages.

Regardless of the nature or number of legal theories advanced by a plaintiff, he may only recover once for each distinct item of compensable damage supported by the evidence.

Case No.: 5:12-cv-04382-EJD
ORDER ADDRESSING POST-APPEAL MATTERS

3

*Tavaglione v. Billings*, 847 P.2d 574, 580 (Cal. 1993). "Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited." *Id.* A plaintiff is entitled to recover the entire amount of damages if such damages are supported by "separate items" and are proven by distinct and independent evidence. *Id.* In contrast, if a "given state of facts entitles one to recover damages upon the theory of tort, and the same facts entitles him to recover upon the theory of contract, it would seem plain that recovery could not be twice had simply because the facts would support recovery upon either theory." *Shell v. Schmidt*, 126 Cal. App. 2d 279, 291 (1954). Hence, even if a plaintiff prevails on a tort and contract claim, it may not receive damages for each claim unless a distinct loss underlies each claim. This is true even if the plaintiff sets forth alternate theories of recovery because if "the plaintiff has suffered only one loss, only one measure of damages may be awarded." *Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1031–32 (9th Cir. 1999).

In *DuBarry International, Inc. v. Southwest Forest Industries, Inc.*, the appellate court held that the trial court improperly awarded duplicative damages. 231 Cal. App. 3d 552, 563 (1991). There, the plaintiff, a broker, negotiated a contract on the defendant's behalf. *Id.* at 556–57. The defendant breached the contract. *Id.* at 559. The plaintiff sued the defendant for breaching the Parties' agency contract and for various torts. *Id.* at 559. The plaintiff prevailed on his breach of contract claim and the jury awarded him $1,502,604 in damages. *Id.* at 559–60. The jury also determined that the defendant denied the agency agreement in bad faith and awarded the plaintiff $1,502,604 in damages. *Id.* at 560.

The appellate court noted that the plaintiff only offered damages evidence about his lost commissions, which the jury determined amounted to $1,502,604. *Id.* at 563. "There was no evidence offered by [the plaintiff] of any damages *other* than lost commissions." *Id.* "There was no attempt to show that [the defendant's] alleged bad faith denial of the agency contract's existence had caused [the plaintiff] any damages beyond those already claimed for the breach of that contract." *Id.* at 564. The court concluded that because the jury determined that the lost commissions amounted to $1,502,604, a single award of damages fully compensated the plaintiff's

Case No.: 5:12-cv-04382-EJD
ORDER ADDRESSING POST-APPEAL MATTERS

4

1    breach of contract and bad faith denial harms. *Id.*

2    Likewise, in *Ambassador Hotel*, the Ninth Circuit held that the district court impermissibly allowed the plaintiff double recovery on its tort and contract claims. 189 F.3d at 1032. There, the plaintiff and defendant entered into a joint venture agreement to develop hotels. *Id.* at 1021–22. Pursuant to the agreement, the plaintiff invested millions into the venture. After the defendant failed to comply with the agreement, the plaintiff sued for, among other things, breach of contract and fraud. *Id.* at 1023. The district court entered judgment in the plaintiff's favor and awarded the plaintiff tort and contract damages. The Ninth Circuit reversed the district court's award because, while the plaintiff suffered two separate harms, breach of contract and fraudulent inducement, it suffered only one loss, the loss of its investment. *Id.* at 1032.

*DuBarry* and *Ambassador Hotel* are particularly analogous to the case at hand. As in those cases, while Plaintiff suffered two harms, breach of contract and fraud, it suffered only one loss— the loss of profits and money paid for Defendant's services. Plaintiff asked for $96,703 in out-of-pocket damages, $212,971 in expected profits, and $475,616 or $736,674 in lost revenues. Transcript of Trial at 49–54, Dkt. 176 ("There are three areas of damages that we're after, three areas."). During closing argument, Plaintiff also stated that it believed the same evidence supported its claim for breach of contract damages and fraud damages. *Id.* at 54 ("We believe the evidence . . . shows that [Defendant] didn't deliver on the breach of contract issue, but I think this goes to a lot, lot more and that is what they said before the contract was ever signed. . . . That's the basis for our fraud claim."). This supports the Court's conclusion that Plaintiff suffered only one loss, the loss of money paid for Defendant's services and to remedy Defendant's breach. *See Shell*, 126 Cal. App. 2d at 291 (noting that if a state of facts entitles one to recover damages upon the theory of tort, and the same facts entitles him to recover upon the theory of contract, recovery on both is improper because the facts would support recovery upon either theory).

As in *DuBarry*, the jury in this case awarded Plaintiff $309,674 for both the breach of contract and fraud claim. In fraud cases, a plaintiff may recover "extra out-of-pocket" damages if the plaintiff presents *separate* evidence to show *separate* damages. *See Cty. of Santa Clara v. Atl.*

*Richfield Co.*, 40 Cal. Rptr. 3d 313, 344 (Ct. App. 2006). However, the jury awarded the same amount for each harm, which indicates that the loss suffered is not distinct to either claim. This is especially true considering that the same evidence supported the jury's award of damages. Thus, because Plaintiff offered no evidence showing a distinct loss resulted from the breach of contract or the fraud, Plaintiff may recover either contract or fraud damages, but not both.

### B. Economic Loss Rule

Having determined that Plaintiff may only recover one set of damages, the Court must now decide whether Plaintiff should receive contract or tort damages. This has a special implication in this case—if Plaintiff must recover contract damages, recovery will be capped at $18,848. Defendant argues that Plaintiff must be awarded contract damages pursuant to the economic loss rule. D Brief at 9.

As an initial matter, Defendant collapses the bar on double recovery and the economic loss rule into one argument. *See* D Reply at 6 n.3. This is improper; double recovery and economic loss are distinct concepts. Defendant argues that because the bar on double recovery applies, the economic loss rule prevents plaintiff from recovering a fraud remedy identical to one recovered in contract. *Id.* But, an examination of these rules reveals the opposite. The bar on double recovery prohibits Plaintiff from recovering damages for its fraud *and* contract claims. In other words, this Court may not award Plaintiff $619,348.[2] On the other hand, the economic loss rule prohibits the Court from awarding tort damages for contractual harms. It preserves "the valuable distinction between tort and contract remedies and avoids the problems that would arise if every routine breach were susceptible to both tort and contract claims." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 279 (Cal. 2004). These are distinct concepts; one prescribes how *much* may be awarded while the other dictates *which type* may be awarded. Thus, the fact that the bar on double recovery applies is irrelevant to the economic loss assessment. *See Nada Pac. Corp. v.*

---

[2] This combines the $309,674 contract award with the $309,674 tort award. It also assumes Plaintiff could fully recover the $309,674 for its contract claim, *i.e.*, it assumes that the contractual cap on liability does not apply. In reality, if Plaintiff could recover both sets of damages, the proper value would be $328,522 ($309,674 + $18,848).

Case No.: 5:12-cv-04382-EJD
ORDER ADDRESSING POST-APPEAL MATTERS

6

*Power Eng'g & Mfg., Ltd.*, 73 F. Supp. 3d 1206, 1218–22 (N.D. Cal. 2014) (analyzing the bar on double recovery and the economic loss rule as distinct concepts).

In California, "[t]he economic loss rules requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson*, 102 P.3d at 272. "[C]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from the principles of tort law." *Erlich v. Menezes*, 981 P.2d 978, 983 (Cal. 1999); *see also Harris v. Atl. Richfield Co.*, 17 Cal. Rptr. 2d 649, 654 (Ct. App. 1993) ("The most widely recognized exception is when the defendant's conduct constitutes a tort as well as a breach of the contract. For example, *when one party commits a fraud* during the contract formation or performance, the injured party may recover in contract and tort." (emphasis added)).

"Tort damages have been permitted in contract cases . . . where the contract was fraudulently induced." *Erlich*, 981 P.2d at 983. In such a case, "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Id.*

The Ninth Circuit affirmed this Court's denial of Defendant's renewed motion for judgment as a matter of law as to Plaintiff's fraud claim. *Simulados Software*, 771 F. App'x at 733–34. It found that

> [r]ecord evidence, taken in the light most favorable to the jury's verdict, shows: (1) Photon made representations about the appropriateness of the REALbasic platform for the project and Photon's expertise in creating the requested products; (2) these representations were false; (3) Photon made these representations with knowledge of their falsity or with reckless disregard of their truth; (4) Photon intended to induce reliance (*i.e.*, to induce Simulados to sign the contract); (5) Simulados's reliance on Photon was justifiable; and (6) Photon suffered resulting damage.

*Id.*

The Ninth Circuit thus concluded that Defendant made "intentional" misrepresentations to Plaintiff and that Plaintiff suffered harm as a result. Under California law, the economic loss rule permits Plaintiff to recover fraud damages. *See Robinson*, 102 P.3d at 275–76.

Case No.: 5:12-cv-04382-EJD
ORDER ADDRESSING POST-APPEAL MATTERS
7

Defendant argues that even while this may be true, the liability provision caps damages at $18,848 and so Plaintiff may not recover damages beyond this amount. The California Supreme Court, however, has rejected Defendant's argument. A "breach of contract remedy assumes that the parties to a contract can negotiate the risk of loss occasioned by a breach." *Id.* at 275. When parties contract, they agree upon governing rules and regulations, inherent risks, and the likelihood of breach. *Id.* It is "appropriate to enforce only such obligations as each party voluntarily assumed." *Id.* But, enforcement of a provision as to fraud damages is improper because "[n]o rational party would enter into a contract anticipating that they are or will be lied to." *Id.* at 276. Parties are not expected to anticipate fraud and dishonesty. *Id.* Hence, pursuant to *Robinson*, the liability provision has no bearing on Plaintiff's fraud claim and Plaintiff may recover full fraud damages.

### III. CONCLUSION

For the foregoing reasons, Plaintiff shall be awarded **$309,674 in fraud damages**. Plaintiff may **not** recover the $18,848 in contractual damages as this would permit duplicative recovery.

**IT IS SO ORDERED.**

Dated: January 9, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-04382-EJD
ORDER ADDRESSING POST-APPEAL MATTERS

8