1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMULADOS SOFTWARE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> PHOTON INFOTECH PRIVATE, LTD., <br><br> Defendant. | Case No.  5:12-cv-04382-EJD <br><br> **ORDER GRANTING MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. No. 219 |

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Plaintiff-Appellee Simulados Software Ltd. ("Plaintiff") filed a motion for attorneys' fees and costs incurred following remand of this case.  Plaintiff's Motion for Attorneys' Fees, Dkt. 219 ("Motion"). Defendant Photon Infotech Private, Ltd. ("Defendant") opposes the motion.  Opposition to Plaintiff's Motion for Attorneys' Fees, Dkt. No. 220 ("Opposition").  The Court finds this motion suitable for consideration without oral argument.  *See* N.D. Cal. Civ. L.R. 7-1(b).  Having considered the Parties' papers, the Court GRANTS the Motion in full.

I.    **Background**

On May 11, 2012, Plaintiff filed a Complaint against Defendant alleging that Defendant breached the Parties' contract and intentionally misrepresented its ability to complete the contract. *See generally* Dkt. No. 1; *see also* Short Statement of Case, Dkt. No. 135.  The jury found for Plaintiff on both claims and awarded Plaintiff $309,674 for each claim.  *See* Judgment, Dkt. No. 167; Verdict Forms, Dkt. No. 165.

After trial, Defendant renewed its motion for judgment as a matter of law.  Dkt. No. 178. Despite the jury award of contractual damages, the parties had a negotiated provision that limited

*United States District Court*
*Northern District of California*

1   the amount of contractual damages to the amount of money actually received by the breaching

2   party.  Plaintiff had paid Defendant $18,848 for Defendant's services, and so Defendant's liability

3   on the breach of contract claim was capped at $18,848.  *See* Supplemental Brief Regarding

4   Plaintiff Simulados Software Ltd.'s "Election of Remedy" at 5, Dkt. No. 193.

5          The Court denied Defendant's motion for judgment as a matter of law, finding that

6   sufficient evidence, viewed in the light most favorable to the non-moving party, supported the

7   jury's findings of breach of contract and fraud.  Order Denying Defendant's Motion for Judgment

8   as a Matter of Law ("JMOL Order"), Dkt. No. 197.  Defendant had questioned whether: (1) the

9   fraud claim was sufficiently independent of the contract to allow recovery under California law for

10  both fraud and breach of contract; and (2) the contractual provision limiting damages applied to

11  Plaintiff's fraud claim.  This Court determined it did not need to address those issues because it

12  granted Plaintiff's request to rescind the contract and awarded Plaintiff $18,848 in consideration

13  damages and $309,674 in consequential damages.  *Id.* at 6.  In the JMOL Order, this Court also

14  granted Plaintiff's motion for attorneys' fees in full, awarding $183,556.91 in attorneys' fees and

15  expenses.  *Ibid.*

16         On appeal, the Ninth Circuit affirmed this Court's holdings that sufficient evidence

17  supported the jury's findings on both the fraud claim and breach of contract claim.  *Simulados*

18  *Software, Ltd. v. Photon Infotech Private, Ltd.*, 771 F. App'x 732, 734 (9th Cir. 2019).  The Ninth

19  Circuit reversed and vacated this Court's order granting rescission because Plaintiff "failed to

20  meet the notice requirement" required to rescind a contract.  *Id.*  Defendant argued that the panel

21  should reduce the jury's award pursuant to the contractual limitation on damages.  *Id.* at 735.  The

22  Ninth Circuit agreed "that there is an $18,848 cap on [Plaintiff's] recovery for breach of contract."

23  *Id.*  "It is undisputed that [Plaintiff] paid [Defendant] $18,848, and the contractual provision limits

24  damages to the amount that [Plaintiff] paid on the contract."  *Id.*  The Ninth Circuit, however, did

25  not address whether this provision applied to the fraud damages or if Plaintiff could recover

26  damages for both the fraud and contract claim.  The Ninth Circuit also did not address or alter the

27  award of attorneys' fees that was included in the JMOL Order.

28  Case No.: 5:12-cv-04382-EJD
    ORDER GRANTING MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1

2    Judge Bea concurred in the Ninth Circuit decision but wrote separately to note that he

3    would include an instruction that on remand, the district court should consider whether its award

4    of $309,674 to Plaintiff based on the jury's fraud verdict is duplicative of its separate award of

5    $18,848.  *Id.*  On remand, the Parties briefed that issue.  *See* Dkt. Nos. 212, 214, 215.  The Parties

6    agreed that the contractual damages were capped at $18,848 but disagreed as to whether Plaintiff

7    could recover both the contractual damages and the (uncapped) tort damages awarded by the jury.

8    On January 9, 2020, this Court held that "while Plaintiff suffered two harms, breach of contract

9    and fraud," the damages for those two claims were duplicative.  Dkt. No. 217.  The Court further

10   held that even though the contract damages were capped, Plaintiff was entitled to recover full

11   fraud damages.  *Id.*  Therefore, the Court awarded Plaintiff $309, 674 in fraud damages.  *Id.*

12         On January 23, 2020, Plaintiff filed this motion for attorneys' fees, requesting $21,145.50

13   for work done on the post-appeal matters and requesting that the Court confirm that the

14   $183,556.91 awarded in the JMOL Order still stands despite the Ninth Circuit vacating the JMOL

15   Order on other grounds.

16   **II.    Legal Standard**

17          "Under the American Rule, the prevailing litigant is ordinarily not entitled to collect

18   reasonable attorney's fees from the losing party."  *Travelers Cas. and Sur. Co. of Am. v. Pac. Gas*

19   *& Elec. Co.*, 549 U.S. 443, 448 (2007) (internal citations and quotations omitted); *Essex Ins. Co. v.*

20   *Five Star Dye House, Inc.*, 38 Cal. App. 4th 1252, 1257 (2006).  In California, however, a

21   "prevailing party" may recover attorneys' fees if: (1) there is a contract that provides for an award

22   of attorneys' fees; (2) the attorneys' fees award is authorized by statute; or (3) the attorneys' fees

23   award is authorized by law.[1]  *See* Cal. Code Civ. Proc., §§ 1032(a)(4), 1033.5(a)(10); Cal. Civ.

24   Code § 1717(a).  California Civil Code § 1717(a), which governs fee applications stemming from

25   contract actions, states:

---

26   [1] "In a diversity case, the law of the state in which the district court sits determines whether a party
     is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed
27   by federal law."  *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).  Thus, California law
     applies to determine whether Plaintiff is entitled to attorneys' fees.

28   Case No.: 5:12-cv-04382-EJD
     ORDER GRANTING MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1
2
3
4
5
6

> "In any action on a contract, where the contract specifically provides that
> attorney's fees and costs, which are incurred to enforce that contract, shall
> be awarded either to one of the parties or to the prevailing party, then the
> party who is determined to be the party prevailing on the contract, whether
> he or she is the party specified in the contract or not, shall be entitled to
> reasonable attorney's fees in addition to other costs."

7   Civ. Code, § 1717(a).  A party is entitled to attorneys' fees under Civil Code § 1717 "even when

8   the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent, if

9   the other party would have been entitled to attorney's fees had it prevailed." *Bovard v. Am. Horse*

10  *Enterprises, Inc.*, 201 Cal. App. 3d 832, 842, 247 Cal. Rptr. 340 (Ct. App. 1988).  "A party

11  seeking recovery of attorneys' fees under Section 1717(a) must show that: (1) a contract

12  authorizes such fees; (2) the moving party is the prevailing party; and (3) the fees incurred are

13  reasonable." *Javaheri v. Deutsche Mellon Nat'l Asset, LLC*, No. 218CV06615ODWFFM, 2020

14  WL 104995, at *2 (C.D. Cal. Jan. 9, 2020).

15      The court determines whether a party has prevailed on the contract for the purposes of

16  awarding fees.  Cal. Civ. Code § 1717(b)(1).  "The courts liberally construe any action involving a

17  contract as 'on the contract' for the purposes of Section 1717." *Bonner v. Redwood Mortg. Corp.*,

18  No. 10-CV-00479-WHA, 2010 WL 2528962, at *3 (N.D. Cal. June 18, 2010) (citing *Turner v.*

19  *Schultz,* 175 Cal. App. 4th 974, 979-80 (2009)).  "As long as the action 'involve[s]' a contract it is

20  'on [the] contact' within the meaning of section 1717." *Brown Bark III, L.P. v. Haver*, 219 Cal.

21  App. 4th 809, 821 (2013) (alterations in original).

22  **III.    Discussion**

23          **a.  Plaintiff's Right to Attorneys' Fees**

24      "Before section 1717 comes into play, it is necessary to determine whether the parties

25  entered an agreement for the payment of attorney fees, and if so, the scope of the attorney fee

26  agreement." *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC*, 3 Cal. 5th 744, 752

27  (2017) (citing *Maynard v. BTI Group, Inc*. 216 Cal. App. 4th 984, 990 (2013)).  In this case, the

28  Case No.: 5:12-cv-04382-EJD
ORDER GRANTING MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1    Parties do not dispute that the contract contains a provision for attorneys' fees.  Specifically, the

2    contract states:

3            "In any litigation, arbitration or other proceeding by which a party seeks to

4            enforce its rights under this Agreement (whether in contract, tort or both) or

5            seeks a declaration of any rights or obligations under this Agreement, the

6            prevailing party shall be awarded reasonable attorney fees, together with

7            any costs and expenses, incurred to resolve the dispute and to enforce final

8            judgment."

9    Section 9, Master Professional Services Agreement ("MSA"), Dkt. No. 12-8.

10           There is no question that Plaintiff's claim for breach of contract constitutes a "litigation . . .

11   by which a party seeks to enforce its rights under [the] Agreement."  *Id.*  There is also no question

12   that Plaintiff prevailed on its breach claim at trial and that the jury's verdict was subsequently

13   affirmed by both this Court and the Ninth Circuit.  Therefore, Plaintiff has prevailed on its

14   contract claim and is entitled to attorneys' fees in accordance with the contract and Section 1717.

15           Defendant ignores the fact that Plaintiff prevailed on its breach of contract claim, and

16   instead argues that attorneys' fees are not proper because Plaintiff's fraud claim is not "on the

17   contract" for the purposes of Section 1717.  Defendant argues that because this Court only

18   awarded Plaintiff damages on the fraud claim (*see* Dkt. No. 217), Plaintiff is no longer entitled to

19   attorneys' fees pursuant to the contract.  The Court disagrees.  The jury, this Court, and the Ninth

20   Circuit have all found that Plaintiff prevailed on its contract claim.  *See* Dkt. Nos. 165, 197, 207.

21   The amount of damages awarded on that claim does not change the fact that Plaintiff prevailed.

22   *Brown Bark III*, 219 Cal. App. 4th at 825 ("Indeed, it does not matter how or why a party

23   prevailed on the contract; it only matters that the party prevailed.").  Neither does the fact that on

24   remand this Court limited Plaintiff's damages so as to not be duplicative.  *See Sears v. Baccaglio*,

25   70 Cal. Rptr. 2d 769 (assignee was properly found to be "prevailing party" and, thus, was properly

26   awarded his attorneys' fees, even though assignee was denied additional damages on his cross-

27   complaint) (rehearing denied, review denied); *Nielsen v. Stumbos*, 226 Cal. App. 3d 301, 305, 276

28   Case No.: 5:12-cv-04382-EJD
     ORDER GRANTING MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1    Cal. Rptr. 272, 275 (Ct. App. 1990) (analyzing and applying Section 1717 to award contractual

2    attorneys' fees to a party who prevailed but recovered no money damages).

3         Plaintiff did not allocate the fees between its two claims, and Defendant does not argue that

4    the court should perform such an allocation.  Nevertheless, to the extent Defendant challenges

5    only the fees for the fraud claim, the Court further finds that Plaintiff's fraud claim is "on the

6    contract" such that Plaintiff may recover attorneys' fees associated with this claim.

7         "If a contractual attorney fee provision is phrased broadly enough, . . . it may support an

8    award of attorney fees to the prevailing party in an action alleging both contract and tort claims:

9    '[P]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any

10   litigation between themselves, whether such litigation sounds in tort or in contract.'" *Exxess*

11   *Electronixx v. Heger Realty Corp.*, 64 Cal. App. 4th 698, 708-09 (1998) (citing *Santisas v.*

12   *Goodin*, 17 Cal. 4th 599, 608 (1998)); *see also Brown Bark III*, 219 Cal. App. 4th at 828 ("A party

13   may recover attorney fees on a tort claim only if an attorney fee provision broad enough to cover

14   tort claims expressly identifies that party as a party entitled to its benefits.").

15        In *Exxess Electronixx*, the primary case on which Defendant relies, the lease at issue

16   provided for an award of attorneys' fees to the prevailing party "[i]f any Party or Broker brings an

17   action or proceeding to enforce the terms hereof or declare rights hereunder." *Exxess Electronixx*,

18   64 Cal. App. 4th at 708-09.  Interpreting that clause, the court held that the plaintiff's claims for

19   constructive fraud and breach of fiduciary duty were not brought either to "enforce the terms" of

20   the lease or to "declare rights []under" the lease and, therefore, plaintiff was not entitled to

21   attorneys' fees under the contract.  *Id.* at 713.

22        In comparison, in *Thompson v. Miller*, the court considered whether attorneys' fees were

23   proper pursuant to a contract that stated: "The prevailing party in any dispute under this

24   Agreement shall be entitled to reasonable attorneys fees incurred in such dispute."  *Thompson v.*

25   *Miller*, 112 Cal. App. 4th 327, 333, 4 Cal. Rptr. 3d 905, 910 (2003).  In that case, the plaintiff

26   brought various tort claims against the defendant, who raised certain statements in the relevant

27   contract as a defense.  Like the *Exxess Electronixx* court, the *Thompson* court noted that whether

United States District Court
Northern District of California

the defendant was entitled to attorneys' fees hinged on whether or not the provision at issue was broad enough to account for attorneys' fees for tort claims.  *Id.* at 334.  The *Thompson* court distinguished the provision at issue from the provision in *Exxess Electronixx*, stating that "the specific language of the attorney fees provision is broader than the language of the provision in *Exxess Electronixx.*"  *Id.* at 336.  In particular, the provision at issue was not limited to "actions" to "enforce the terms" of or "declare right under" the contract, but rather, covered "any dispute under [the] Agreement."  *Id.* at 336-37.  For this reason, the court held that the provision encompassed the action for fraud, concealment, and breach of fiduciary duty because defendant had raised a defense related to the contract.

*Exxess Electronixx* and *Thompson* both indicate that the Court must consider the actual language of the relevant attorneys' fees provision.  Here, like in *Exxess Electronixx*, the attorneys' fee provision allows for attorneys' fees when a party "seeks to enforce its rights . . . or seeks a declaration of any rights or obligations under this Agreement."  However, unlike *Exxess Electronixx*, the provision also expressly states that it applies to efforts to enforce rights "whether in contract, tort or both."  The Court finds that the plain meaning of this language is to ensure that the attorneys' fees provision covers tort claims related to the contract.  *Exxess Electronixx*, 64 Cal. App. 4th at 709 (applying "the ordinary rules of contract interpretation" and considering the "clear and explicit" meaning of the language, interpreted in an "ordinary and popular sense,").

Defendant argues that the parenthetical language in the provision simply references possible rights that could be enforced, rather than expanding the scope of the provision to cover torts related to the contract.  Opposition, p. 3.  While it is true that the reference to tort claims is parenthetical, the Court still finds that the Parties intended for the provision to cover tort claims related to the contract, especially given the broad construction that courts in this circuit give attorneys' fees provisions.  *See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1339-41 (9th Cir. 1986) ("This court has given the requirement that an action be 'on the contract' a liberal scope"); *In re Baroff*, 105 F.3d 439, 442-43 (9th Cir. 1997) ("California courts liberally construe 'on a contract' to extend to any action as long as an action

United States District Court
Northern District of California

involves a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit") (quoting *Milman v. Shukhat*, 22 Cal. App. 4th 538, 544–45 (1994)) (additional internal quotations omitted).

The fraud claim in this case was certainly related enough to the contract to fall under the Court's reading of the provision.  *See, e.g., Javaheri*, 2020 WL 104995, at *2 (Court considered the claims "on the contract" because they "challenged the validity" of plaintiff's obligations and defendant's rights under the contract."); *Ng v. U.S. Bank, NA*, No. 15-cv-04998-KAW, 2016 WL 6995884, at *4 (N.D. Cal. Nov. 30, 2016) (prevailing defendant entitled to attorneys' fees where "Plaintiff's claims directly challenged Defendants' ability to enforce the [contract], both by claiming that Defendants did not have the authority to enforce the documents and by seeking to rescind the documents entirely."); *Rivera v. Wachovia Bank*, 2009 WL 3423743, at *2 (S.D. Cal. 2009) (mortgage case awarding fees on claims for fraud and other torts in addition to breach of contract because the claims were all "either based directly on the contract, require predicate acts based on the contract, or relate to the formation of the contract"); *Bonner*, 2010 WL 2528962, at *3 (N.D. Cal. June 18, 2010) (awarding fees on fraudulent misrepresentation, and numerous other torts, "[g]iven their significant relation to the parties' mortgage contract.").

### b.  Reasonableness of Plaintiff's Fees

Because Plaintiff is entitled to attorneys' fees, the Court must now determine whether the fees requested are reasonable.  Under California law, courts use the lodestar calculation, which "begins with a touchstone or lodestar, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney.'"  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001) (quoting *Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977)).  Under the lodestar method of evaluating a request for attorneys' fees, the lodestar is the number of hours spent on the case multiplied by a reasonable hourly rate.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

Courts also consider the following factors to the extent they are relevant to a particular case: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3)

United States District Court
Northern District of California

the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases." *Sato v. Wachovia Mortg., FSB*, No. 5:11-CV-00810-EJD, 2013 WL 61103, at *3 (N.D. Cal. Jan. 3, 2013) (quoting *LaFarge Conseils et Etudes,* 791 F.2d at 1341-42 (9th Cir. 1986)).  The reasonableness of hourly rates should be examined "according to the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 (1984); *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir. 1987) ("The prevailing market rate in the community is indicative of a reasonable hourly rate.").

Here, Plaintiff submitted an affidavit detailing the hourly rate and hours billed on relevant post-appeal matters. *See* Declaration of Joseph L. Lanza, Dkt. No. 219-1 ("Lanza Decl.").  Mr. Lanza, a senior associate managing attorney at The Vethan Law Firm and lead post-appellate counsel for Plaintiff, has approximately 27 years of experience in commercial litigation. *Id.* at ¶ 2. Mr. Lanza indicated that his typical hourly rate it $400, though he charged the Plaintiff $350 per hour on account of their longstanding relationship. *Id.* at ¶¶ 3, 21.  The three associates on the case charge a typical hourly rate of $350 but in this case were billed to Plaintiff at an hourly rate of $275. *Ibid.*  These rates are reasonable and in line with rates that have been approved in other cases in the Northern District. *See, e.g.*, *Shaw v. Gera*, No. 5:18-CV-06765-EJD, 2019 WL 4933636, at *5 (N.D. Cal. Oct. 7, 2019) ("This district has awarded hourly rates of $305 per hour for lawyers with at least five years of experience and $425 for lawyers with at least twenty years of experience."); *Arroyo v. Aldabashi*, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018) (awarding rate of $305/hour for lawyers with at least five years of experience when case was filed); *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 591 (N.D. Cal. 2015) ("In the Bay Area, "reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240.").

Case No.: 5:12-cv-04382-EJD
ORDER GRANTING MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

The Court further finds that the number of hours expended was reasonable.  According to Mr. Lanza, the total number of hours worked on post-appeal matters was 106, however, Mr. Lanza wrote off nearly 50% of the hours worked as duplicative or unnecessary and the amount charged to the client was only 56.05 hours.  Lanza Decl. ¶ 11.  The post-appeal work consisted of significant legal research into complex questions of California law regarding the economic loss rule and the application of the prohibition against a double recovery, as well as an analysis of the application of the contract's limitation of liability.  *Id.* at ¶ 18.

Defendant argues that Plaintiff's fees are not reasonable because they were substantially more than Defense counsel's fees for work on the same post-appeal issues.  Defendant argues that Plaintiff's request for fees for 76.8 hours of work is unreasonable because Defendant only worked 44.3 hours over the same period.  While the Court commends Defense counsel on its efficient work, the number of hours Defense counsel charged is irrelevant to the analysis here.  Defense counsel further argues that it authored more pages of briefing than Plaintiff's counsel did.  While that may be true, it has no bearing on whether Plaintiff's rates and expenditures were reasonable.

Because the Court finds that the hourly rates and number of hours billed by Plaintiff's counsel are reasonable, the Court grants Plaintiff's motion in full.

## IV.    Conclusion

For the reasons stated above, Plaintiff's Motion for attorneys' fees is GRANTED in full.  The Court awards $21,145.50 in attorneys' fees to Plaintiff for work done post-appeal.  To the extent the Ninth Circuit's decision on the JMOL Order vacated the prior award of attorneys' fees, the Court awards $183,556.91 in fees for work done pre-appeal.

**IT IS SO ORDERED.**

Dated:  June 4, 2020

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California